**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **TOMMY ROBINSON,** | **CASE NO. C-1-02-441** |
| **PLAINTIFF** | **(BECKWITH, J.)** |
| | **(HOGAN, M.J.)** |
| **VS.** | |
| **TALBERT HOUSE, ET AL.,** | |
| **DEFENDANTS** | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion for Summary Judgment (Doc. 16), Plaintiff's Memorandum in Opposition (Doc. 19), Plaintiff's Supplemental Memorandum in Opposition (Doc. 21) and Defendant's Reply (Doc. 22). For the reasons which follow, Defendants' Motion is well-taken and should be granted.

**BACKGROUND INFORMATION**

Plaintiff filed his pro se Complaint in May, 2001[2] and named as Defendants Talbert House and two employees of Talbert House, Doris Tribble and Keith Stecher. Defendant is Plaintiff's immediate supervisor. Defendant Tribble is the Program Director. Plaintiff's Complaint is made pursuant to 42 U.S.C.§ 2000e(a)(1). The body of Plaintiff's Complaint contains Plaintiff's allegations that he was terminated without a previous reprimand or warning. The action requested of this Court is to expunge Plaintiff's record of termination and to award him back pay. The Complaint contains two attachments, the first of which is the EEOC notice that Plaintiff's previously filed administrative complaint was dismissed and authorizing his right to sue. The second is the EEOC complaint itself, which indicates that Plaintiff's complaint is about age and sex discrimination. The EEOC complaint is also helpful as it indicates that Plaintiff was 52 years old at the time of filing, that his job was as an activity security monitor

and that he was terminated just prior to the completion of a six-month probationary period. Because Plaintiff is pro se, we construe his form complaint and EEOC complaint as the Complaint in this case and assume that the claims before the Court are federal claims of age and sex discrimination.

## SEX DISCRIMINATION AND THE INDIVIDUAL DEFENDANTS

The factual basis for Defendants' Motion is the affidavit of Scott McVey, the Operations Manager at the Community Correctional Center for Talbert House as well as the deposition of Plaintiff. McVey's affidavit states that Plaintiff was employed at the Beekman Facility, which houses male inmates who have been convicted of misdemeanor or low level felony offenses by Hamilton County Courts and are there for residential substance abuse treatment. McVey's affidavit also establishes that Plaintiff was employed as a security monitor and was subject to a six-month probationary period. Plaintiff was terminated, according to McVey, for "several performance problems" and for removing food items from the facility. The "performance problems" are detailed in the Notice of Termination as follows:

(1) Sleeping during Corrective Thinking Training on June 25 and 26, 2001,
(2) Leaving work without notifying supervisors on August 21, 2002,
(3) Leaving the breathalyzer machine unattended after a warning on August 22, 2001,
(4) Failure to follow protocol on August 16 and 22, 2001,
(5) Removing food items from the facility on August 22, 2001.

Plaintiff's deposition makes it clear that his Complaint deals with age discrimination and that he asserts no claim for discrimination on the basis of sex. (*See* Robinson Dep. at 61). Accordingly, the claim for sex discrimination should be dismissed as well as all claims against Defendants Tribble and Stecher. The remaining age discrimination claims cannot be pursued against supervisors in their individual capacities. *See Ford v. Tennessee Human Rights Commission,* 2000 U.S. App. LEXIS 1383 (6th Cir. 2000).

## AGE DISCRIMINATION

In order to make a prima facie case of age discrimination, Plaintiff must establish that: (1) he is a member of a protected class, (2) that he was subject to an adverse employment action, (3) that he was qualified for the position, and (4) that he was replaced by a substantially younger person. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996). Defendant does not dispute that Plaintiff was 52 years of age when he was both hired and terminated. Plaintiff, as a person over the age of forty, thus is a member of the protected class. There is no dispute that Plaintiff's termination constituted an adverse employment action. Because Plaintiff was obviously considered qualified for the job when he was hired and since neither side disputes or even addresses this issue, the Court considers the job of security monitor to require minimal skills and minimal physical exertion, and Plaintiff to be qualified for the job.

The last requirement is that Plaintiff either be replaced by a substantially younger person or be treated differently than a similarly situated individual or individuals. In this context, Plaintiff alleges in his Complaint and in his deposition that he was replaced by Glenn Davis, who is described in Plaintiff's Memorandum in Opposition at one point as a "younger employee" *(See* Doc. 19, Plaintiff's Memo in Opposition to Defendants' Motion for Summary Judgment, at p. 3) and at another point as a "much younger employee." (Id. at 4). Defendant denies that Glenn Davis Replaced Plaintiff. (*See* Doc. 16, Ex. 1, Affidavit of Scott McVey, attached). Defendant instead asserts that Tony Behanon, who is age 36 and African American, replaced Plaintiff. Since Defendant's information relative to replacement is in evidentiary form and Plaintiff's assertions are not, we accept the fact that Plaintiff was replaced by a substantially younger individual.

Once Plaintiff has met the prima facie case, Defendant must articulate a legitimate non-discriminatory reason for Plaintiff's adverse job action. In this case, Defendant's explanation is contained in the Notice of Termination and the Affidavit of Scott McVey, both of which were previously described. To avoid summary judgment, Plaintiff must come forth with evidentiary materials demonstrating that there is at least a factual dispute on the issue of pretext. *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078 (6th Cir. 1994) instructs that for a party to demonstrate pretext, that party must show: (1) that the proffered reason had no basis in fact, (2)

3

that the proffered reason did not actually motivate the discharge or (3) that the proffered reason was insufficient to motivate the discharge. Plaintiff failed to produce any evidentiary materials showing the element of pretext. Plaintiff admits sleeping during the training session. His explanation is contained in a letter to Doris Tribble under date of August 31, 2001. (Doc. 3, Formal Appeal Regarding Termination Proceeding of August 24, 2001). Plaintiff says that the training session was voluntary, not mandatory, and that he was tired because he had been working double shifts and preparing for his wedding. Plaintiff's deposition contains a denial that he was sleeping. (Robinson Dep. at 44). In the same letter, Plaintiff does not deny "getting a few candy bars out of the snack box," nor does he deny that they were for consumption "at home." (Doc. 3, Appeal letter). The explanation offered was that the "box had been ravished by the clients to their satisfaction." Plaintiff's deposition contains a denial that the candy bars were taken from the premises. (Plaintiff's Dep. at 84). Plaintiff does deny that he left the breathalyzer unattended. His explanation was that he left it on a counter while he admitted clients of the facility by opening the door. (Id. at 44). The deposition testimony leaves the impression that Plaintiff was in the area where the breathalyzer was housed and if he left the area, it was momentarily.

Plaintiff was asked about the facts which supported his claim of discrimination, Plaintiff stated that "she brought in someone younger to replace me - a day or two prior to my probationary period. So I think it's preconceived. And its conspired." (Id. at 59). In addition, Plaintiff denied the accusation of stealing food items and denied being either formally or informally reprimanded because of any job inefficiency. (Id. at 61).

The prohibition against age discrimination contained in both federal and state law does not require that Plaintiff be treated fairly or that the reasons advanced by Defendant make sense to the Court or to the trier of fact. Defendant chose to terminate Plaintiff prior to the completion of his probationary period because of a number of performance issues. Plaintiff essentially argues that he considers it unfair that he did not have the opportunity to correct his perceived failings and by a process of elimination, concludes that the reason for his termination was his age, since there is no evidence of an intent to discriminate based on race, sex or disability.

We agree with Defendant that Plaintiff's opinion and/or his statements contained in the briefs cannot demonstrate issues of fact in the face of the evidentiary materials submitted by

Defendant.  However, Plaintiff's deposition testimony, although not cited or relied upon by him to establish issues of fact, nevertheless, do.  The sum total of Plaintiff's deposition testimony is a denial of each of the facts that justify a termination of his employment with the sole exception of sleeping on the job, a fact for which Plaintiff offered an explanation.  That sleeping during a training course could reasonably be seen as insufficient to motivate his discharge is supported by the fact that Defendant awarded Plaintiff a certificate for successful completion of the course. (*See* Doc. 21, Amendment to Opposition to Defendants' Motion for Summary Judgment, Ex. A). As such, we find that a genuine issue of material fact exists with respect to Plaintiff's claim for age discrimination.

### IT IS THEREFORE RECOMMENDED THAT:

1)    Defendant's Motion for Summary Judgment (Doc. 16) be GRANTED IN PART and DENIED IN PART.

2)    Plaintiff's claim of sex discrimination should be DISMISSED, as well as both individual Defendants, Doris Tribble and Keith Stecher.

3)    Plaintiff's claim of age discrimination against Defendant Talbert House should go forward.

December 19, 2003                          ___s/Timothy S. Hogan_____
                                           Timothy S. Hogan
                                           United States Magistrate Judge

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TOMMY ROBINSON,                    CASE NO. C-1-02-441
    PLAINTIFF                      (BECKWITH, J.)
                                              (HOGAN, M.J.)

    VS.

TALBERT HOUSE, ET AL.,
    DEFENDANTS

# NOTICE

Attached hereto is the Report and Recommended decision of The  Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on   12/19/2003. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections.  (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.  *See* Fed. R. Civ. P. 72(b).

J:\HOGANTS\robinson2.wpd