IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TOMMY ROBINSON** | : | |
| | : | |
| Plaintiff, | : | Case No. C-1-02-441 |
| | : | |
| | : | |
| | : | Judge Beckwith |
| vs. | : | |
| | : | |
| | : | Magistrate Judge Hogan |
| **TALBERT HOUSE, et. al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO REVIEW MAGISTRATE
JUDGE'S REPORT AND RECOMMENDED DECISION**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Defendants hereby move for review of the portion of the Magistrate Judge's December 19, 2003 Report and Recommendation recommending that Plaintiff's claim of age discrimination against Defendant Talbert House go forward even though the only evidence Plaintiff offered in response to Defendants' legitimate, non-discriminatory reason for terminating him were his general denials of wrongdoing. (Report and Recommendation at page 5)  As is explained further in Defendants' accompanying Memorandum In Support, it is well-established that a plaintiff's general denials of wrongdoing are insufficient matter of law to establish pretext or to raise a triable issue of fact as to whether age was the real reason for termination.  See e.g. Gribcheck v. Runyon, 245 F. 3d 547, 552 (6th Cir. 2001)( a "blanket denial [of] the employer's articulated reasons ... is not enough; a plaintiff must take the extra step of presenting evidence to show that the reasons given

are an attempt to cover up the employer's alleged real discriminatory motive."); <u>Irvin v. Airro Carbide</u>, 837 F. 2d 724,726 (6th Cir. 1987)("Disputation of the facts underlying [the defendant's] legitimate business reason...is not sufficient to carry [the plaintiff's] burden.") Because Plaintiff herein has offered no evidence other than his general denials of wrongdoing, Defendants respectfully submit that they are entitled to summary judgment on his age discrimination claim against Talbert House as a matter of law.

                                                   Respectfully submitted,

                                                   /s/ Adele E. O'Conner
Adele E. O'Conner (#0023133)
PORTER, WRIGHT, MORRIS &
ARTHUR, LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202-5117
(513) 381-4700
(513) 421-0991 fax
aconner@porterwright.com

Attorney for Defendants,
Talbert House, et. al.

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO REVIEW

I.  **Summary of Facts and Status of the Case**

   A.  **Plaintiff's Employment and Termination**

In February 2001, Plaintiff Tommy Robinson ("Plaintiff") was hired at age 52 by Talbert House as a security monitor at its Beekman Facility. (Exh. A Depo. at 5, 24; Exh. B)[1] The Beekman Facility is an all male client facility that provides a variety of treatment programs for men 18 years and older who have been convicted of a misdemeanor or low-level felony by Hamilton County Courts (Exh. B, ¶2). Fifty percent of the security monitors employed at Beekman during the period of his employment were age 40 or older, including one individual who was 74. (Id.)

On August 24, 2001, near the end of Plaintiff's six-month probationary period for new hires, Talbert House terminated his employment "for poor job performance and failure to meet the job requirements." [Exh. A, Depo. Exh. 6] Plaintiff was age 52 at the time of his termination, the same age as he was on his date of hire. [Exh. A, Depo. at 5]

Plaintiff filed an internal appeal of his termination, and this appeal was denied. [Exh. A, Depo. Exhs. 6 and 16] On February 8, 2002, Plaintiff filed a charge with the EEOC alleging age and sex discrimination. [Exh. A, Depo. Exh. 9, at 2] On March 29, 2002, the EEOC dismissed the charge for the reason that it was "unable to conclude that the information establishes any violation of the [pertinent] statutes." [Id. at 1]

---

[1] Attached as "Exh. A" are pertinent portions of the Plaintiff's deposition and deposition exhibits, a complete copy of which was previously filed with the Court. Attached as "Exh. B" is the Affidavit of Scott McVey; attached as "Exh. C" is the Magistrate Judge's Report and Recommendation; and attached as "Exh. D" is Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

On June 17, 2002, Plaintiff filed the instant Pro Se Complaint. [Exh. A, Depo. Exh. 10] The Complaint sought to allege claims of sex and age discrimination under federal law against Talbert House and two supervisors, Dorris Tribble and Keith Stecher. However, Plaintiff admitted in his deposition that he no longer claims any discrimination on the basis of sex. [Exh. A, Depo. at 61]  Regarding the claims of age discrimination against Tribble and Stecher, the Magistrate Judge's Report and Recommendation correctly states that "[t]he remaining age discrimination claims cannot be pursued against supervisors in their individual capacities.  See Ford v. Tennessee Human Rights Commission, 2000 U.S. App. LEXIS 1383 (6th Cir. 2000)." [Exh. C, at 2]  Thus all that remains is Plaintiff's age discrimination claim against Talbert House.

Regarding this claim, Plaintiff testified in his Deposition that the claim is based principally upon his belief that Tribble "brought in someone younger to replace me – a day or two prior to my probationary period.  So I think it's preconceived.  And it's conspired." [Exh. A, Depo. at 59]  Both his Complaint and his brief in Opposition to Defendants' Motion for Summary Judgment assert that the reason Tribble wanted to terminate Plaintiff was to create a position opening for Glenn Davis, an employee who Plaintiff claims was a "personal friend of Mrs. Tribble."[2] [Exh. A, Depo. Exh. 10 at 3; See also, Exh. D., Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 6, "[t]he personal friendship that existed between the manager Doris Tribble and Glenn Davis would directly definitely put into question the motivating factors that inspired the initiation of my termination from that facility."]  Plaintiff does not allege that he ever heard Tribble, Stecher or anyone else in Talbert House management make any statements reflecting age bias. Rather, his claim is premised entirely upon his denial

---

[2] As the Report and Recommendation correctly notes, Plaintiff actually was replaced by Tony Behanon, a 36 year old African American. [Exh. C at 3]  However, as noted below, Plaintiff's allegations regarding Davis as his replacement are noteworthy because they are the only explanation Plaintiff has offered as to his belief of Defendants' motivation for wanting to terminate him and thus underscore the dearth of evidence supporting his age discrimination claim.

of wrongdoing in several of the instances of unsatisfactory job performance listed in his Notice of Termination and his allegation that Tribble had an ulterior motive for wanting to terminate him. [Exh. A, Depo. at 59-64]

      B.      **The Magistrate Judge's Report And Recommendation**

On December 19, 2003, the Magistrate Judge issued a Report and Recommendation (herein after referred to as the "Report") granting summary judgment to Defendants on all of Plaintiff's claims except the claim of age discrimination against Talbert House. Regarding that claim, the Report states that Plaintiff established the four elements required to set forth a prima facie case of discrimination.[3] [Exh. C at 3] The Report also states that the explanation contained in the Notice of Termination and the Affidavit of McVey satisfy Talbert House's burden of articulating a legitimate non-discriminatory reason for Plaintiff's termination [Id.] It notes that the "performance problem" as detailed in the Notice of Termination were as follows:

    (1)  Sleeping during Corrective Thinking Training on June 25 and 26, 2001,

    (2)  Leaving work without notifying supervisors on August 21, 2001

    (3)  Leaving the breathalyzer machine unattended after a warning on August 22, 2001,

    (4)  Failure to follow protocol on August 16 and 22, 2001,

    (5)  Removing food items from the facility on August 22, 2001.

[Exh. C, Report at 2, quoting Exh. A, Depo. Exh. 6]

Turning to the issue of Plaintiff's burden of demonstrating pretext, the Report notes that "Plaintiff failed to produce any evidentiary materials showing the element of pretext," and that "Plaintiff admits sleeping during the training session" (although he offered an explanation why). [Exh. C, Report at 4] The Report notes several discrepancies between statements made by Plaintiff in his internal appeal of his termination and his deposition testimony. [Id.] For example,

---

[3] Defendants' Motion for Summary Judgment did not dispute that he could establish a prima facie case.

although he admitted to falling asleep in his August 31, 2001 letter, he denied it in his deposition, [Id., comparing Exh. A, Depo. at 44 with Depo. Exh. 8]  He did not deny taking candy bars from the Talbert House's snack box in the August 31, 2001 letter, but did deny it in his deposition. [Id., comparing Exh. A Depo. at 84 with Depo. Exh. 8]  In his deposition he also denied having ever left the breathalyzer "unattended" because he claims he was always in the same room. [Id., citing Exh. A, Depo. at 44]

The Report observes that Plaintiff denied being either formally or informally reprimanded prior to his termination, and the "Plaintiff essentially argues that he considers it unfair that he did not have the opportunity to correct his perceived failings <u>and by process of elimination, concludes that the reason for his termination was his age, since there is no evidence of an intent to discriminate based on race, sex or disability.</u>" [Exh. C at 4, emphasis added]

Notwithstanding the fact that Plaintiff's age claim is essentially based on a "process of elimination," the Report concludes that Plaintiff's denials of the specific examples of unsatisfactory performance listed in the Notice of Termination established issues of fact which precluded Talbert House from being entitled to summary judgment.  It is to this conclusion and recommendation of the Report that Talbert House respectfully objects.

## II.     Law and Argument

### A.     Standard of Review

The standard of review of a magistrate judge's recommended order or report is *de novo*. Fed. R. Civ. P. 72 (b).

According to Federal Rule of Civil Procedure 56(c), when a party moves for summary judgment, "the judgment sought shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the courts must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)  However, if the moving party satisfies its burden under Rule 56(c), the opposing party must present more than a mere scintilla of evidence to support its position; he must present evidence on which the jury could reasonably find for him. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the nonmoving party, the motion should be granted." Cox v. Kentucky DOT., 53 F. 3d 146 (6th Cir. 1995)

**B.    Legal Standard Applicable to Plaintiff's Age Discrimination Claim**

Under the ADEA, an employer is prohibited from discriminating against individuals over the age of 40 on the basis of their age. 29 U.S.C. 623 (a). An employee may establish a claim under the ADEA by offering either direct or circumstantial evidence of age discrimination  Kline v. TVA, 128 F. 3d 337, 348 (6th Cir. 1997). Direct evidence of discrimination is "that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Jacklyn v. Schering – Plough Healthcare Prods. Sales Corp., 176 F. 3d 921, 926 (6th Cir. 1999). "Circumstantial evidence, on the other hand, is proof that does on its face establish discriminatory animus, but does not allow a fact-finder to draw reasonable inference that discrimination occurred." Kline supra at 348. Plaintiff herein does not allege any facts pointing toward direct evidence of discrimination due to his age. [Exh. A, Depo. at 59, 61-64]

A three-step frame work guides the analysis of age discrimination claims based upon circumstantial evidence. Ercegovich v. Goodyear Tire & Rubber Co., 154 F. 3d 344, 350 (6th

Cir. 1998). This framework first requires the plaintiff to establish a prima facie case of age discrimination. If the plaintiff meets this burden, the defendant may respond by offering a legitimate non-discriminatory reason for the adverse employment action at issue. Assuming that such a response is made, the plaintiff bears the burden of rebutting this proffered reason by proving it was a pretext designed to mask age discrimination.

After the defendant articulates its nondiscriminatory reason for taking the employment action against the plaintiff, the presumption of discrimination created by the prima facie case drops out of the analysis. Gribcheck v. Runyon, 245 F. 3d 547, 552 (6th Cir. 2001) (applying McDonnell Douglas to Rehabilitation Act claim). "Even though the burden of going forward with evidence to answer [the] prima facie case...moved to the [defendant], the ultimate burden of persuasion never shifted from the plaintiff. Id. quoting Wrenn v. Gould, 808 F. 2d 493, 501 (6th Cir. 1987) (applying McDonnell Douglas to Title VII retaliation claim). Therefore, the plaintiff must answer the defendant's nondiscriminatory reasons by demonstrating that a reasonable jury could find by a preponderance of the evidence that the defendant's stated reasons are pretextual. Id.

The Sixth Circuit Court of Appeals has repeatedly held that merely disputing "the facts underlying [the defendant's] legitimate business reason ... is not sufficient to carry [the plaintiff's] burden" of establishing pretext. Gribcheck, 245 F. 3d at 553, quoting Irvin v. Airco Carbide, 837 F. 2d 724, 726 (6th Cir. 1987)(A "blanket denial [of] the employer's articulated reason... is not enough; a plaintiff must take the extra step of presenting evidence to show that the reasons given are an attempt to cover up the employer's alleged real discriminatory motive."). See also Mitchell v. Toledo Hosp., 964 F. 2d 577, 584-85 (6th Cir. 1992)("Court's have repeatedly held that the plaintiff's denial of the articulated legitimate reason without

6

producing substantiation for the denial is insufficient for a claim of race discrimination to withstand a motion for summary judgment."); Holobaugh v. Tennessee, State Board of Regents, 1994 U.S. App. LEXIS 14418 (6th Cir. 1994)(ADEA case, copy attached as Exh. E).

According to the Report, the only evidence in the instant case's record precluding Talbert House from being entitled to summary judgment are Plaintiff's general denials of wrongdoing.[4] However, as noted above, Plaintiff's denials are insufficient as a matter of law to defeat Defendants' Motion for Summary Judgment. Therefore, Defendants respectfully submit that summary judgment should also be granted to them on Plaintiff's age discrimination claim against Talbert House.

Respectfully submitted,

/s/ Adele E. O'Conner
Adele E. O'Conner (#0023133)
PORTER, WRIGHT, MORRIS & ARTHUR, LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202-5117
(513) 381-4700
(513) 421-0991 fax
aconner@porterwright.com

Attorney for Defendants,
Talbert House, et. al.

---

[4] Although not cited in the Report as being a reason for denying summary judgment to Talbert House, Plaintiff's allegation that he believes he was terminated to create a job opening for Tribble's personal friend also clearly is not a basis for denying summary judgment. Indeed, although Defendants categorically deny there is a truth to Plaintiff's assertion, even if it were true, it would be evidence of a reason other than age for his termination, not because of it.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of January, 2004, the foregoing document was filed electronically with this Court and served by regular U.S. mail, postage prepaid upon the following:

>Tommy Robinson
>
>2648 Harrison Avenue #14
>
>Cincinnati, Ohio 45211

>/s/ Adele E. O'Conner                     _
>Adele E. O'Conner